UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIVESTER THOMAS, ) | 1:09-cv-00472-BAK-SMS HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS PURSUANT TO 28 |
| v. ) | U.S.C. § 2241 |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| H. A. RIOS, JR., Warden, ) | TO ENTER JUDGMENT AND CLOSE FILE |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court for the Northern District of Illinois, Eastern Division, on February 25, 2003, for violation of various controlled substance laws and for knowingly making false statements on a passport application. (Doc. 1, pp. 2-3). Petitioner was sentenced to a life term. (Id. at p. 3).

On March 6, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court, contending that the district court misapplied the federal sentencing guidelines under United States v.

Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.[1] Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the trial court, not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or

---

[1] Petitioner clearly admits at several points in his petition that he is challenging the constitutionality of his sentence under Booker. For example, Section II of the petition is entitled, "Petitioner[ ] Thomas Challenge [sic] His Conviction And Sentence That Is Now Facial [sic] Unconstitutional." (Doc. 1, p. 8). In his prayer for relief, Petitioner argues that his conviction and sentence are "unconstitutional on its face." (Id. at p. 13).

ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner does not claim that § 2255 is inadequate and ineffective; indeed, Petitioner does not allege that he has ever presented the instant claim to the Northern District of Illinois. Moreover, Petitioner has not contended that he is foreclosed from raising the instant claims because he has already filed a motion pursuant to § 2255 which was subsequently denied, and a second motion would be summarily denied as successive. Nor has he alleged that he is factually innocent and that he has not had an unobstructed procedural opportunity to challenge his sentence based on the Supreme Court's decision in Booker, thus entitling him to pass under the "savings" clause.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy. It appears that the instant petition is the first time Petitioner has raised this issue, despite the fact that Booker was decided four years ago. More importantly, Petitioner apparently has never presented this issue in the first instance to the trial court. It is certainly possible that the Northern District of Illinois would be receptive to Petitioner's argument; however, regardless of whether the trial court is receptive or not, it is incumbent upon Petitioner to afford the trial court *at the very least* the opportunity of addressing the issue in the first

instance.  Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenge or that § 2255 is inadequate or ineffective as a remedy.

Additionally, the Court notes that, even if the petition were permitted to pass through the savings clause, the petition would be without merit because <u>Booker</u> and <u>Apprendi</u> have not been held to be retroactive to cases on collateral review.  <u>Harris v. United States</u>, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect."); <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir.2002) (the ruling in <u>Apprendi</u> does not apply retroactively to initial petitions for collateral review); <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir.2005) (<u>Booker</u> is not retroactive); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.2005) (same); <u>United States v. Price</u>, 400 F.3d 844, 845 (10th Cir.2005) (same); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.2005) (same); <u>United States v. Sahlin</u>, 399 F.3d 27 (1st Cir.2005) (<u>Booker</u> provides no basis to vacate the entry of a pre-<u>Booker</u> guilty plea).  Thus, it would be to Petitioner's advantage to seek reconsideration in the trial court pursuant to § 2255 rather than collateral relief from this Court pursuant to § 2241.

In sum, if Petitioner wishes to pursue his remedy, he should do so through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Such a motion must be filed in the trial court, which, in this instance, is the United States District Court for the Northern District of Illinois. Relief pursuant to § 2241 in this Court is not available as it is neither the appropriate legal vehicle nor the appropriate forum.  Therefore, the petition should be dismissed.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   May 15, 2009**             /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE